UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA

--------------------------------------x

DAVID EMERY and CLIFF MERCER, on behalf of themselves and others similarly situated,

        Plaintiff,

v.

STAR WEST SATELLITE, INC,

        Defendants.

--------------------------------------x

CIVIL ACTION NO. _____

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

**DEMAND FOR JURY TRIAL**

David Emery and Cliff Mercer ("Plaintiffs"), bring this collective action complaint on behalf of themselves and others similarly situated to recover unpaid overtime wages from defendant, Starwest Satellite ("Starwest" or "Defendant").

## NATURE OF SUIT

1. Plaintiffs seek declaratory relief and monetary damages for Defendant's willful violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

3. Venue is proper in this district because Defendant violated the FLSA in this district, and Plaintiff worked for Defendant in this district.

## PARTIES

4. Defendant is a Montana corporation, with its principle place of business located at 580 Pronghorn Trail, Bozeman, MT, 509718.

5. Defendant sells and installs satellite TV systems to residential and commercial customers. Defendant employed Plaintiffs and other field service technicians to install, service, and sell satellite TV systems and related materials and services.

6. Plaintiff David Emery is a resident of Montana. He worked for Defendant in Montana from December 2002 until March 2009.

7. Plaintiff Cliff Mercer is a resident of Montana. He worked for Defendant in Montana from October 2007 until October 2008.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8. Plaintiffs bring their claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all field service technicians employed by Defendant on or after the date that is three years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

9. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

10. The action is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## FACTS

11. At all relevant times, Defendant is an "employer" as that term is defined by the FLSA.

12. Defendant committed the following acts knowingly and willfully.

13. Defendant is engaged in the business of providing satellite television installation for 014DirectTV to residential and commercial customers in Montana and several other states.

14. Plaintiffs worked as field service technicians for Defendant. Their primary duties consisted of driving to Defendant's warehouse to pick up installation units, repair equipment, prepping their trucks and other various equipment for each job, driving to customers' homes/businesses to install and/or repair equipment, calling customers to confirm appointments, and submitting paperwork to Defendant after each job's completion.

15. While engaged in their duties as field service technicians, Plaintiffs drove their own personal vehicles, which have a gross weight of less than 10,0001 pounds.

16. While engaged in their duties as field service technicians, Plaintiffs were expected to use their own personal mobile phones to clock in and out of each job, and field other work related calls. Plaintiffs upgraded to more costly monthly plans to

accommodate their employment and compensate for the additional usage, but were never reimbursed by Defendants for the expenditure.

17. Defendant paid Plaintiffs on a per job basis. Different jobs were paid at different rates depending on what tasks needed to be completed.

18. Plaintiffs routinely worked hours for which they were not paid.

19. Each afternoon, Plaintiffs would receive a fax containing their job list for the next day. Upon receipt of the job list, Plaintiffs spent several hours preparing paperwork and equipment for the next day. Plaintiffs were not compensated for this time.

20. Throughout each day, Plaintiffs were required to travel from designated job site to designated job site. Defendant wrongfully does not consider travel time between jobs each day as time worked and thus did not compensate Plaintiffs.

21. Plaintiffs were required to complete paperwork for each job. They were not compensated for that time.

22. When Plaintiffs traveled to the customer site and the customer was not home at the appointed time, Plaintiffs were to wait forty five (45) minutes for the customer to show up. If the customer failed to show up, Plaintiffs left the site and were not compensated for their time.

23. Plaintiffs were asked, when necessary, to fill in for absent technicians or assist a technician on a particular job. Defendant expected Plaintiffs to assist, but did not compensate Plaintiffs for this extra work.

24. Plaintiffs were required to come into the office on their day off to pick up supplies and equipment for the next week and to drop off damaged or non-working

equipment from the previous week. The trip was off the clock and took several hours each week.

25. Plaintiffs were informed that it was the policy of Defendant that they were not allowed to report any time except for time spent at designated job sites. Plaintiffs were not permitted to report any time spent receiving their daily assignments, picking up tools or equipment, traveling between designated job sites or time spent completing paperwork and other prep work.

26. At all times during their employment with Defendant, per the policy and instruction of Defendant, Plaintiffs only reported time spent at the designated job sites.

27. Also per the policy and instruction of Defendant, Plaintiffs were forbidden from reporting more than forty hours of work per week, regardless of how many hours they actually worked. Plaintiffs were required to clock out after working eight hours regardless of whether they were still in the middle of a particular job. The remainder of the job had to be completed off the clock.

28. Plaintiffs routinely worked in excess of eight (8) hours per day and more than forty (40) hours in a workweek.

29. Because Plaintiffs are non-exempt employees, Defendant was required to pay Plaintiffs at time and a half for each hour worked in excess of forty (40). However, Defendant failed to compensate Plaintiffs for all hours worked in excess of forty (40) hours in a workweek.

30. Plaintiffs sustained substantial losses from Defendant's failure to pay them the federal minimum wage and Defendant's failure to pay them proper overtime compensation.

31. Upon information and belief, other employees who worked for Defendant and who are FLSA Collective Plaintiffs were subjected to the same policies and practices and have sustained similar losses of compensation for numerous off the clock and overtime hours worked on behalf of Defendant.

32. Defendant, through its corporate management, deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce labor costs.

### FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

33. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

34. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

35. At all relevant times, Defendant operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing to pay Plaintiffs and FLSA Collective Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per

workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

36. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

37. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the FLSA Collective Plaintiffs)

38. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

39. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

40. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

41. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

    A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    B.    Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

    C.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

F. Pre-Judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: Butte, Montana
February 3, 2010

Respectfully submitted,

/s/ Tina L. Morin
Tina L. Morin, Esq.
Morin Law Firm, PLLC
125 West Granite St., Suite 212
Butte, MT 59701
(406) 723-5300
(406) 723-5302 (FAX)

*Attorney for Plaintiffs and proposed collective action members*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.